972 A.2d 840

## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

## Paul Stephen BEATTY.

**Misc. AG No. 39, Sept. Term, 2008.**

Court of Appeals of Maryland.

June 8, 2009.

Gail D. Kessler, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Attorney Grievance Commission of Maryland), for petitioner.

Douglas R. Taylor, Kensington, for respondent.

Argued before BELL, C.J. HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

MURPHY, J.

Paul Stephen Beatty, Respondent, was admitted to the Maryland Bar on June 23, 1967, and to the New Jersey Bar in

1990. On October 30, 2008, the Attorney Grievance Commission of Maryland filed a Petition for Disciplinary or Remedial Action that included the following assertions:

> On July 15, 2008, the Supreme Court of New Jersey ordered that the Respondent be suspended from the practice of law for a period of three (3) months based on his conviction in Superior Court, Monmouth County, for Fourth Degree Stalking in violation of New Jersey Statutes Annotated 2C:12–10(b).

> \* \* \*

> The Supreme Court of New [J]ersey determined that the Respondent violated [Rule 8.4(b) of the] Rules of Professional Conduct by committing a criminal act.

On October 31, 2008, this Court ordered that Bar Counsel and Respondent show cause "why reciprocal discipline shall not be ordered by this Court." Having considered the responses to our Show Cause Order, for the reasons that follow, we conclude that an indefinite suspension is the appropriate sanction.

## Background

The following Order was entered by the Supreme Court of New Jersey on July 11, 2008, and filed by the Clerk of that Court on July 15, 2008:

> The Disciplinary Review Board having filed with the Court its decision in DRB 08–006, concluding that as a matter of final discipline pursuant to Rule 1:20–13(c), **PAUL STEPHEN BEATTY** of **SPRING LAKE,** who was admitted to the bar of this State in 1990, should be suspended from the practice of law for a period of three months based on his conviction in the Superior Court, Monmouth County of violation of *N.J.S.A.* 2C:12–10(b), conduct that violates *RPC* 8.4[ (b) ] (criminal act that reflects adversely on lawyer's honesty, trustworthiness or fitness as a lawyer), and good cause appearing;

It is ORDERED that **PAUL STEPHEN BEATTY** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective August 13, 2008; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent comply with Rule 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to Rule 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.

The decision of the Supreme Court of New Jersey's Disciplinary Review Board (the Board) included the following findings, conclusions, and recommendations:

On May 16, 2007, [R]espondent pleaded guilty to fourth-degree stalking, in violation of *N.J.S.A.* 2C:12–10(b), which states that:

A person is guilty of stalking, a crime of the fourth degree, if he purposefully or knowingly engages in a course of conduct directed at a specific person that would cause a reasonable person to fear bodily injury to himself or a member of his immediate family or to fear the death of himself or a member of his immediately family.

14

* * *

Respondent stalked a horse trainer at a New Jersey racetrack and followed her to her South Carolina home[.]

* * *

On July 13, 2007, [R]espondent was sentenced to a one-year term of unsupervised probation and was assessed penalties and fines totaling $155, subject to the following conditions: 1) he was barred from contacting [the victim of this offense]; 2) he was permanently barred from contacting the Monmouth County Prosecutor's Office; 3) he was required to continue with counseling and treatment with his psychiatrist; and 4) he was required to take all prescribed medications, until medically discharged by the psychiatrist.

* * *

[This] matter was not [R]espondent's first stalking incident. In 2003 and 2004, he stalked his next-door neighbor, [Victim # 1].

* * *

Stalking, peering, and other charges ensued in the [first] matter, for which [R]espondent was granted enrollment in a pretrial intervention ("PTI") program. Respondent's PTI was later terminated, upon his arrest in this matter.

During the course of these matters, [R]espondent conceded that he suffers from mental illness, for which he had been treated for over thirty years. He had previously been a patient at a mental health facility ... and has been treated by his own psychiatrist ... for bipolar disorder.

* * *

We determine that [*In re Frankfurt*, 159 N.J. 521, 521 732 A.2d 512 (1999) ] (three-month suspension) most closely resembles this matter. We, therefore, voted to impose a three-month suspension for [R]espondent's criminal offense.

In addition, due to the seriousness of [R]espondent's mental illness, we have, by separate letter to the [Office of Attorney Ethics], requested that office to compel [R]espondent, pursuant to *R.* 1:20–12, to undergo a medical examination for possible placement on disability inactive status.

(Footnotes omitted).

## Discussion

In its response to this Court's Show Cause Order, the Commission argues that "the Respondent's misconduct warrants a substantially different discipline in Maryland than that which he received in New Jersey." Respondent's counsel has requested that this Court either (1) take no action until the Supreme Court of New Jersey rules on the petition for readmission that Respondent has filed in that jurisdiction, or (2) order a "fact-finding hearing." From our review of the New Jersey Court Rules, we are persuaded that the above quoted Order is the functional equivalent of an indefinite suspension.

Under New Jersey Court Rule 1:20–15A, disciplinary sanctions include "a suspension for a term." Reinstatement after suspension requires compliance with New Jersey Court Rule 1:20–21, which, in pertinent part, provides:

(b) Definite Suspension of Six Months or Less. A lawyer who has been suspended for a definite period of six months or less may file a petition for reinstatement and publish notice of reinstatement forty days prior to the expiration of the period of suspension.

\* \* \*

(f) Contents of Petition. The petitioner shall provide a certified petition for reinstatement setting forth all material facts on which the petitioner relies to establish fitness to resume the practice of law. The petition shall in the discretion of the Board considering the nature of the disciplinary offense contain, in correlatively numbered paragraphs, the following information:

* * *

(12) whether the petitioner, during the period of suspension, sought or obtained assistance, consultation or treatment, whether as an in-or out-patient, for a mental or emotional disorder or for addiction to drugs or alcohol, if such services relate to the disciplinary offenses or the Board determines that such information is relevant to the petitioner's present ability to practice law. The name, address and telephone of each provider of these services, the services rendered, their duration and purpose and a copy of all medical records shall be provided to the Board;

* * *

(21) such other information as the Director [of the Office of Attorney Ethics], the Board or the Supreme Court may from time to time require.

* * *

(g) Objections by Director; Recommendation by the Board.

Within 21 days following receipt of the petition or 14 days if the period of suspension was six months or less, the Director shall file an original and 12 copies of a response with the Board either objecting or not objecting to the petition. The Director shall serve the respondent with a copy of the response. If the Director consents or fails to file objections, the Board may submit its findings and recommendations to the Supreme Court. If the Director files objections, the Board may set the matter down for oral argument on notice to the parties or may, after considering the objections, submit its findings and recommendations as to the attorney's fitness to practice law to the Supreme Court without argument. The Board may recommend and the Court may impose conditions on the attorney's reinstatement deemed necessary to protect the lawyer, clients or the public.

(h) Referral to Trier of Fact. In an appropriate case, the Board may refer specific issues regarding reinstatement to

a trier of fact, which shall then hold a hearing and furnish the Board with a report of findings and recommendations.

Under the New Jersey Court Rules set forth above, Respondent will not be readmitted until (1) he files a Petition for Reinstatement that conforms to the requirements of Rule 1:20–21, (2) the Director of the Office of Attorney Ethics responds to that petition, (3) the Disciplinary Review Board submits its findings and recommendations as to Respondent's fitness to practice law, and (4) the Supreme Court of New Jersey enters an Order of Reinstatement. Moreover, as noted in its decision, the Board provided additional protection to the public by requesting that the Office of Attorney Ethics compel Respondent to undergo a medical examination pursuant to New Jersey Court Rule 1:20–12, which, in pertinent part, provides:

(b) Request for Medical Examination. Whenever the Director presents evidence which reasonably brings into question the capacity of an attorney to practice law, whether by reason of mental or physical infirmity or illness, or because of addiction to drugs or intoxicants, the Board shall direct that the attorney submit to such medical examination as may be appropriate to enable the Director to determine whether the attorney is so incapacitated. Such action shall be taken on an expedited basis. Thereafter the Director may request the Board to recommend to the Supreme Court that the attorney be immediately transferred to Disability Inactive Status. If the Board concludes that the attorney lacks the capacity to practice law, it shall forthwith recommend to the Supreme Court that the attorney be transferred to disability inactive status until the further order of the Court. No pending disciplinary proceeding against the attorney shall be held in abeyance unless the Court shall additionally find that the respondent is incapable of assisting counsel in defense of any ethics proceedings.

Because Respondent will not be readmitted to the Bar of New Jersey until that State's Supreme Court is persuaded that he is once again fit to practice law, an indefinite suspension is the appropriate reciprocal discipline.

We are also persuaded that an indefinite suspension would be the appropriate sanction in the case at bar even if the New Jersey Court Rules entitled Respondent to resume practicing law as soon as the period of his suspension expired. "It would be grave injustice in allowing a member of this Bar to ... be given a lesser sanction because another jurisdiction did so, while other members of the Maryland Bar would be sanctioned more severely." *Attorney Grievance Comm'n v. Weiss*, 389 Md. 531, 555, 886 A.2d 606, 620 (2005).

In *Attorney Grievance Comm'n v. Thompson*, 367 Md. 315, 786 A.2d 763 (2001), this Court imposed an indefinite suspension in the case of an attorney who pled guilty to the offense of stalking, in violation of section 32–20 of the Montgomery County Code. In that case, the Hearing Court concluded that the attorney's criminal conduct did not constitute a violation of either MRPC 8.4(b) or (c), and the Commission filed exceptions to those conclusions. While sustaining the Commission's exceptions, and agreeing with the Commission that an indefinite suspension was the appropriate sanction, this Court stated:

> After thoroughly reviewing the record and discovered case law, we sustain Petitioner's exceptions and overrule the hearing judge's conclusion that Respondent's conviction of the crime of stalking, under section 32–20 of the Montgomery County Code, resulting from his actions involving a thirteen year old boy, does not reflect adversely on his trustworthiness and fitness as a lawyer in other respects.

\* \* \*

> The crux of any MRPC 8.4(b) analysis is, as the language of the rule states, whether an attorney's criminal act "reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." It does not depend on whether the misconduct occurred while representing a client or, as the hearing judge suggested, whether the misconduct involved an individual from the class of persons the attorney typically represented. We are not suggesting that such factors may never be considered in a MRPC 8.4(b)

analysis; indeed, there are many instances in which we may consider their existence or nonexistence to be important factors. In the present case, however, their nonexistence does not direct our decision.

\* \* \*

After careful consideration of all of [the mitigating and aggravating] factors, we conclude that indefinite suspension is the appropriate sanction. Even though Respondent has sought treatment for his disorder and has made efforts toward prevention of similar misconduct in the future, his misconduct in this case erodes our present level of confidence in his trustworthiness and fitness to be a lawyer. We do not reject the possibility that, at some point in the future, Respondent may be able to demonstrate to us a track record sufficient to restore a level of trustworthiness and fitness to practice law, but, until that is shown to the Court's satisfaction, an indefinite suspension to commence thirty days from the date of the filing of this opinion is required to protect the public interest.

*Id.* at 322, 324–25, 331–32, 786 A.2d at 768–74.

As was the situation in *Thompson,* because Respondent has conceded that he suffers from mental illness and has represented that he is continuing to receive treatment, we do not reject the possibility that he may at some point in the future persuade us that he is once again fit to practice law in Maryland. At this point in time, however, an indefinite suspension is required to protect the public interest.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST PAUL STEPHEN BEATTY; MANDATE TO ISSUE FORTHWITH.**

BELL, C.J., joins in judgment only.