77 A.3d 1100

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Patrick Edward VANDERSLICE.**

**Misc. Docket AG No. 68, Sept. Term, 2012.**

Court of Appeals of Maryland.

Oct. 21, 2013.

Dolores O. Ridgell, Asst. Bar Counsel (Glenn M. Grossman, Bar Counsel, Attorney Grievance Commission of Maryland), for petitioner.

No argument on behalf of the Respondent.

Argued before BARBERA, C.J., HARRELL, BATTAGLIA, GREENE, ADKINS, McDONALD and WATTS, JJ.

GREENE, J.

This is a reciprocal discipline action concerning Patrick Edward Vanderslice, ("Vanderslice" or "Respondent"), who was admitted to the Bar of this Court on June 21, 2000, and to the State Bar of Delaware in 1999. On October 12, 2012, the Supreme Court of the State of Delaware suspended Respondent from the practice of law in Delaware for a period of one year. The Supreme Court determined that Vanderslice violated the Delaware Lawyers' Rules of Professional Conduct 1.5(f),[1] 1.15(a) and (b),[2] and 8.4(b), (c), and (d).[3] On December

---

1. Delaware Lawyers' Rules of Professional Conduct 1.5(f) ("Fees") provides:

    (f) A lawyer may require the client to pay some or all of the fee in advance of the lawyer undertaking the representation, provided that:
    (1) The lawyer shall provide the client with a written statement that the fee is refundable if it is not earned,
    (2) The written statement shall state the basis under which the fees shall be considered to have been earned, whether in whole or in part, and
    (3) All unearned fees shall be retained in the lawyer's trust account, with statement of the fees earned provided to the client at the time such funds are withdrawn from the trust account.

2. Delaware Lawyers' Rules of Professional Conduct 1.15(a) and (b) ("Safekeeping Property") provides:

    (a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account designated solely for funds held in connection with the

6, 2012 this Court entered an interim suspension of Respondent's right to practice law in Maryland, pursuant to Rule 16–773(d).[4]

Proceedings began in this Court on December 5, 2012 when the Attorney Grievance Commission ("Petitioner" or "Bar Counsel"), acting pursuant to Rules 16–751(a)(2)[5] and 16–

practice of law in this jurisdiction. Except as provided in (g) with respect to IOLTA-eligible funds, such funds shall be maintained in the state in which the lawyer's office is situated or elsewhere with the consent of the client or third person. Funds of the lawyer that are reasonably sufficient to pay financial institution charges may be deposited in the separate account; however, such amount may not exceed $1,000 and must be separately stated and accounted for in the same manner as clients' funds deposited therein. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after the completion of the events that they record.

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

3. Delaware Lawyers' Rules of Professional Conduct 8.4(b), (c), and (d) ("Misconduct") provides:

It is professional misconduct for a lawyer to:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice;

4. Md. Rule 16–773(d) provides:

(d) Temporary Suspension of Attorney. When the petition and disciplinary or remedial order demonstrate that an attorney has been disbarred or is currently suspended from practice by final order of a court in another jurisdiction, the Court of Appeals may enter an order, effective immediately, suspending the attorney from the practice of law, pending further order of Court. The provisions of Rule 16–760 apply to an order suspending an attorney under this section.

5. Md. Rule 16–751(a)(2) provides:

773(b),[6] filed a Petition for Disciplinary or Remedial Action against Vanderslice. Bar Counsel attached to the Petition a certified copy of the Delaware Supreme Court's per curiam opinion and incorporated into the Petition by reference the findings of fact and conclusions of law issued by that court in the Vanderslice case.

The Delaware Supreme Court determined that Respondent intentionally committed theft "eight times over a period of ten months[.]" The misappropriated funds were from the law firm of which he was a partner. Respondent also generated deficiently drafted retainer agreements. He violated Delaware Lawyers' Rules of Professional Conduct 1.5(f), 1.15(a) and (b), and 8.4(b), (c), and (d). Bar Counsel relied upon the Supreme Court's conclusion that Vanderslice violated Rules 1.5(f), 1.15(a) and (b), and 8.4(b), (c), and (d) of the Delaware Lawyers' Rules of Professional Conduct, which correspond to Rules 1.5(f), 1.15(a) and (b), and 8.4(b), (c), and (d) of the Maryland Lawyers' Rules of Professional Conduct ("MLRPC" or "Rule"). Bar Counsel requested that we issue a Show Cause Order.

On December 6, 2012, we issued a Show Cause Order pursuant to Rule 16–773(e).[7] Bar Counsel responded, asked

---

(2) Conviction of crime; reciprocal action. If authorized by Rule 16–771(b) or 16–773(b), Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals without prior approval of the Commission. Bar Counsel promptly shall notify the Commission of the filing. The Commission on review may direct the withdrawal of a petition that was filed pursuant to this subsection.

6. Md. Rule 16–773(b) provides:

(b) Petition in Court of Appeals. Upon receiving and verifying information from any source that in another jurisdiction an attorney has been disciplined or placed on inactive status based on incapacity, Bar Counsel may file a Petition for Disciplinary or Remedial Action in the Court of Appeals pursuant to Rule 16–751(a)(2). A certified copy of the disciplinary or remedial order shall be attached to the Petition, and a copy of the Petition and order shall be served on the attorney in accordance with Rule 16–753.

7. Md. Rule 16–773(e) provides:

that reciprocal discipline not be imposed, and requested that we order disbarment because of the existence of "exceptional circumstances" and because the established conduct "warrants substantially different discipline in this State." In Vanderslice's response to the Show Cause Order, he stated that the Delaware Supreme Court's Opinion in his case speaks for itself, recommended that we impose reciprocal discipline retroactive to October 12, 2012, and requested that no money judgment be entered against him for costs because he has been unemployed since October 24, 2012.

This case was scheduled for oral argument before this Court on September 10, 2013. Respondent failed to appear for oral argument or offer any explanation for his misconduct. On September 10, we issued a per curiam order and disbarred Vanderslice. We now explain our reasons for ordering his disbarment, rather than ordering reciprocal discipline in this case.

## Discussion

In reciprocal discipline cases, pursuant to Rule 16–773(g), we generally treat the factual findings and conclusions of law from the original jurisdiction as conclusive evidence of an attorney's misconduct:

(g) **Conclusive effect of adjudication.** Except as provided in subsection (e)(1) and (e)(2) of this Rule, a final adjudication in a disciplinary or remedial proceeding by another

---

(e) Exceptional Circumstances. Reciprocal discipline shall not be ordered if Bar Counsel or the attorney demonstrates by clear and convincing evidence that:
(1) the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
(2) there was such infirmity of proof establishing the misconduct as to give rise to a clear conviction that the Court, consistent with its duty, cannot accept as final the determination of misconduct;
(3) the imposition of corresponding discipline would result in grave injustice;
(4) the conduct established does not constitute misconduct in this State or it warrants substantially different discipline in this State; or
(5) the reason for inactive status no longer exists.

court, agency, or tribunal that an attorney has been guilty of professional misconduct or is incapacitated is conclusive evidence of that misconduct or incapacity in any proceeding under this Chapter. The introduction of such evidence does not preclude the Commission or Bar Counsel from introducing additional evidence or preclude the attorney from introducing evidence or otherwise showing cause why no discipline or lesser discipline should be imposed.

*See also Attorney Grievance Comm'n v. Haas,* 412 Md. 536, 546, 988 A.2d 1033, 1038 (2010); *Attorney Grievance Comm'n v. Whitehead,* 390 Md. 663, 669, 890 A.2d 751, 754 (2006); *Attorney Grievance Comm'n v. Scroggs,* 387 Md. 238, 249, 874 A.2d 985, 992 (2005). In our review of the Petition for Disciplinary or Remedial Action and the responses to the Show Cause Order, we are guided by Rule 16–773. Pursuant to Rule 16–773(e)(3) and (4), respectively, we do not order reciprocal discipline if there is clear and convincing evidence that either the imposition of corresponding discipline would result in grave injustice, or the conduct established warrants substantially different discipline in this State. Bar Counsel asserts that the facts of this case warrant a more serious sanction than suspension from the practice of law for one year.

■ Our Rules provide that we "may . . . impose corresponding discipline," not that we shall impose "identical discipline." *See* Rule 17–773(f); *Attorney Grievance Comm'n v. Gordon,* 413 Md. 46, 55–56, 991 A.2d 51, 56 (2010). We analyze each case individually "and decide whether to deviate from the original jurisdiction's sanction[.]" *Attorney Grievance Comm'n v. Weiss,* 389 Md. 531, 547, 886 A.2d 606, 615 (2005). Although most jurisdictions have the same purpose as we do in attorney discipline cases, "[w]e have recognized that the public interest is served when this Court imposes a sanction which demonstrates to members of the legal profession the type of conduct that will not be tolerated. . . ." *Gordon,* 413 Md. at 56, 991 A.2d at 57 (quoting *Attorney Grievance Comm'n v. Sperling,* 380 Md. 180, 191, 844 A.2d 397, 404 (2004)).

When considering an appropriate sanction in a reciprocal case, we must look "not only to the sanction imposed by the other jurisdiction but to our own cases as well. The sanction will depend on the unique facts and circumstances of each case, but with a view toward consistent dispositions for similar misconduct." *Weiss*, 389 Md. at 548, 886 A.2d at 616. If our cases demonstrate that we would apply a different sanction had the conduct occurred or the case originated in Maryland, we need not follow the original jurisdiction's sanction. *Whitehead*, 390 Md. at 673, 890 A.2d at 757. Our goal in imposing a sanction in an attorney discipline matter is to protect the public and to deter other lawyers from engaging in similar conduct. *Attorney Grievance Comm'n v. Powell*, 369 Md. 462, 474–75, 800 A.2d 782, 789 (2002). To reach that goal, we will balance our tendency to follow the original jurisdiction's sanction against our prior cases and the sanctions imposed upon members of this Bar for similar misconduct committed in this State. *Attorney Grievance Comm'n v. Katz*, 429 Md. 308, 317, 55 A.3d 909, 914 (2012) (quoting *Gordon*, 413 Md. at 57, 991 A.2d at 57).

In *Weiss*, we pointed out that "we have become much less lenient towards any misconduct involving theft, misappropriation, fraud, or deceit." *Weiss*, 389 Md. at 551, 886 A.2d at 617. We have deviated from the original jurisdiction's sanction and imposed a more serious sanction "when the conduct involved is of such a nature that it would not be tolerated from any member of the Bar in this State if the conduct occurred here." *Weiss*, 389 Md. at 551–52, 886 A.2d at 618. *See, e.g., Attorney Grievance Comm'n v. Zodrow*, 419 Md. 286, 302, 19 A.3d 381, 391 (2011) (holding that disbarment was the proper sanction in a reciprocal action, even when the Colorado Supreme Court only imposed a one year and one day suspension, because "[t]he purpose of [Rule 16–773(e) ] is to ensure that all attorneys of this Bar are subject to similar sanctions for similar misconduct, regardless of whether the misconduct takes place in this State or another jurisdiction"); *Attorney Grievance Comm'n v. Beatty*, 409 Md. 11, 18, 972 A.2d 840, 843–44 (2009) (holding that "an indefinite suspension would be the appropri-

ate sanction in the case at bar even if the New Jersey Court Rules entitled Respondent to resume practicing law as soon as the period of his [three-month] suspension expired" because other members of the Maryland Bar would be sanctioned in such a way).

The present case involves an attorney's misappropriation of funds from the law firm of which he was a partner. Respondent misappropriated "consultation fees" and "flat fees" from the firm on eight separate occasions between December 2010 and September 2011. "To mitigate his financial difficulties resulting from [a] pay cut, Respondent misappropriated clients' [fees as indicated.]" In addition, Respondent prepared deficiently drafted retainer agreements. In those agreements, he "failed to provide that any retainer was refundable if unearned, even though in practice his firm refunded any unearned retainers to its clients." Once the law firm discovered the misappropriation, the firm confronted Respondent. He confessed his misconduct and was dismissed immediately. The law firm informed Respondent that he had two weeks to report his wrongdoing to the Delaware Office of Disciplinary Counsel. Respondent apparently reported his misconduct to Delaware's equivalent of Bar Counsel, but he "did not report the disciplinary action taken in Delaware to Maryland Bar Counsel pursuant to Md. Rule 16–773(a)." Respondent misappropriated a total of $1,780.00 from the law firm and repaid those funds from a life insurance distribution that the firm owed to Respondent upon his dismissal.

Respondent agrees that he violated Rule 1.5(f) with regard to his drafting in a deficient manner three retainer agreements. Likewise, he agrees that he violated Rules 1.15(a) and (b), and Rule 8.4(c). The Delaware Supreme Court also determined that Respondent violated 8.4(b) because he "committed theft by misappropriating firm funds." In addition, the Supreme Court determined that Respondent's conduct was prejudicial to the administration of justice and in violation of 8.4(d) because he "committed theft (an offense involving dishonesty and a breach of trust)[.]"

In determining the appropriate sanction, the Delaware Supreme Court considered the American Bar Association Standards, mitigating, and aggravating factors. The Supreme Court concluded that five aggravating factors offset the mitigating factors and imposed a sanction of suspension from the practice of law for one year. As to the aggravating factors, the Supreme Court pointed out that Vanderslice had substantial experience in the practice of law, he did not voluntarily report his misconduct to the Office of Disciplinary Counsel or his law firm, he was involved in eight instances of misconduct over a ten month period, he acted from a dishonest or selfish motive, and there was a pattern of misconduct. As to the mitigating factors, the Supreme Court pointed to the absence of a prior disciplinary record, Vanderslice's personal or emotional problems stemming from deaths in his family, his character or reputation, his interim rehabilitation, and remorse.

■ Vanderslice's intentional misappropriation of the law firm's funds clearly violated Rules 8.4(b), (c) and (d). Even though he fully reimbursed the law firm the funds that had been taken, there are exceptional circumstances, under Rule 16–773(e), which warrant "substantially different discipline" in Maryland. "Absent compelling extenuating circumstances," we have said, "intentional misappropriation of client funds or another's funds is deceitful and dishonest conduct [and] justifies disbarment." *Attorney Grievance Comm. v. Carithers*, 421 Md. 28, 58, 25 A.3d 181, 199 (2011); *see Attorney Grievance Comm'n v. Spery*, 371 Md. 560, 568, 810 A.2d 487, 491–92 (2002); *Attorney Grievance Comm'n v. Vlahos*, 369 Md. 183, 186, 798 A.2d 555, 556 (2002). In contrast, the Delaware Supreme Court has found that where an attorney stole funds from his law firm on one occasion, then continued to misrepresent the theft to his law firm, and fully reimbursed the firm, had no prior discipline and self-reported, a one-year suspension from the practice of law was appropriate. *In re Vanderslice*, 55 A.3d 322, 328 (Del.2012) (discussing *In re Staropoli*, 865 A.2d 522 (Del.2005)); *see also In re Figliola*, 652 A.2d 1071 (Del.1995) (imposing six-month suspension where an

attorney recklessly and knowingly misappropriated both firm and client funds on multiple occasions, taking into consideration that the attorney had fully reimbursed the funds taken, had no prior discipline, and cooperated with the investigation).

■ When imposing the sanction of disbarment, we have also said:

[I]n cases of intentional dishonesty, misappropriation cases, fraud, stealing, serious criminal conduct and the like, we will not accept as compelling extenuating circumstances anything less than the most serious and utterly debilitating mental or physical health conditions, arising from any source that is the "root cause" of the misconduct and that also result[s] in an attorney's utter inability to conform his or her conduct in accordance with the law and the [Maryland Rules of Professional Conduct].

*Attorney Grievance Comm'n v. Vanderlinde,* 364 Md. 376, 413–14, 773 A.2d 463, 485 (2001). In the present case, there was evidence before the Delaware Supreme Court that Vanderslice, in 2008 and 2009, began to experience personal and emotional problems because of deaths in his family. In 2009, prior to the misappropriation of funds in this case, Vanderslice began seeking treatment for his ongoing depression. Although the Supreme Court found Vanderslice's personal and emotional problems to be a mitigating factor, it made no finding that Vanderslice's personal and emotional problems caused his misconduct or affected his day to day activities or interfered with his ability to conform his conduct to the requirements of the Rules of Professional Conduct. In addition, Vanderslice offered no such evidence to this Court or otherwise showed cause why we should not impose the sanction of disbarment.

In conclusion, consistent with our case law, the appropriate sanction in this reciprocal discipline case is disbarment. There are no adequate mitigating or extenuating circumstances presented to justify a reciprocal or a lesser sanction. The conduct established warrants substantially different discipline in this State.